IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY GRAHAM-ADAMS, | ) | CASE NO. 8:05CV261 |
| Plaintiff, | ) ) ) | MEMORANDUM |
| vs. | ) ) | AND ORDER |
| OMAHA HOUSING AUTHORITY, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Motion for Reconsideration (Filing No. 68), in which Plaintiff Sherry Graham-Adams ("Graham-Adams") seeks relief from the judgment.[1] Plaintiff also filed a Notice of Appeal (Filing No. 72). Because Plaintiff's motion for relief from the judgment was timely filed and the motion is pending, the Notice of Appeal has not become effective, and this Court retains jurisdiction over the case. *See* Fed. R. Civ. P. 60(b); Fed. R. App. P. 4(a)(4)(B)(i). In her motion, Graham-Adams requests the Court to reconsider its Memorandum and Order (Filing No. 66) and Judgment (Filing No. 67), both dated June 26, 2006. (Filing No. 68). The matter has been fully briefed. For the reasons stated below, this motion will be granted.

**FACTS**

The facts relevant to this matter appear in the Court's June 26, 2006, Order (the "Order") under the Facts section. (Filing No. 66 at 1-3). In the Order, the Court granted OHA's Motion for Summary Judgment on Graham-Adams's sexual harassment and retaliation claims and entered judgment in favor of OHA and against Graham-Adams. (Filing Nos. 66 and 67). Graham-Adams now asks that the Court reconsider the Order and

---

[1] The Plaintiff's motion is styled as a motion for reconsideration pursuant to NECivR 60.1, but it also clearly constitutes a motion for relief from judgment under Fed. R. Civ. P. 60(b).

Judgment with respect to Graham-Adams's retaliation claims, arguing that the United States Supreme Court's opinion in *Burlington Northern & Santa Fe Railway v. White,* 126 S.Ct. 2405 (2006), which was issued on June 22, 2006, after Graham-Adams submitted her brief in opposition to summary judgment, "speaks specifically to issues raised in [Graham-Adams's brief in opposition to summary judgment]. . . ." (Filing No. 68).

## STANDARDS OF REVIEW

### *Motion for Relief from Judgment Under Rule 60(b) and Nebraska Civil Rule 60.1*

According to Federal Rule of Civil Procedure 60(b), a district court may vacate a judgment for several express reasons and for "any other reason justifying relief." Fed.R.Civ.P. 60(b)(6). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch* 413 F.3d 866, 870 (8th Cir. 2005)(quoting *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986) (per curiam)).

NECivR 60.1(c) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

### *Summary Judgment*

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Finance, Inc.,* 445 F.3d 1106, 1109 (8th Cir. 2006*) (quoting Bockelman v. MCI Worldcom, Inc.,* 403 F.3d 528, 531 (8th Cir. 2005))*.* The proponent of

a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

**DISCUSSION**

Graham-Adams asks the Court to reconsider its decision to grant summary judgment to OHA on Graham-Adams's retaliation claim. In the Order, the Court cited *Powell v. Yellow Books USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006), where the Eighth Circuit Court of Appeals addressed retaliation and stated that "[n]ot every setback amounts to an adverse employment action: instead, an action must give rise to 'a material employment disadvantage' that reflects a 'tangible change in duties or working conditions.'" (quoting *Baucom v. Holiday Cos.*, 428 F.3d 764, 767 (8th Cir.2005)). Graham-Adams had argued that she was retaliated against in many ways, specifically when her supervisor, Tiwuana Brown, began to communicate with her via email only. (*Id.* at 12). Graham-Adams also complained that Sylvia Johnson, who became Graham-Adams's supervisor more than a year after Graham-Adams filed her NEOC charge, committed various retaliatory acts against her. (*Id.* at 12-14). In the Order, the Court found that Graham-Adams failed to demonstrate that: 1) OHA took an adverse employment action against her; and 2) there was a causal connection between her protected activity and the alleged retaliatory conduct. (Filing No. 66 at 13). To establish a prima facie case of retaliation, a plaintiff must show: 1) she engaged in a statutorily protected activity; 2) her employer took an adverse employment action against her; and 3) a causal connection existed between the protected activity and adverse employment action. *Bassett v. City of Minneapolis,* 211 F.3d 1097, 1104-05 (8th Cir. 2000) (citing 42 U.S.C. § 2000e-3(a)).

Graham-Adams argues that the Supreme Court's opinion in *Burlington Northern & Santa Fe Railway v. White,* 126 S.Ct. 2405 (2006), rejects the Court's prior interpretation

of Graham-Adams's retaliation claim, specifically regarding what constitutes an "adverse employment action."  In *White*, the Supreme Court granted certiorari to resolve a split among the Circuit Courts of Appeals concerning which employer acts constitute retaliation under Title VII.  126 S. Ct. at 2410-11. The Supreme Court noted that the Eighth Circuit and other circuits employed a restrictive approach, utilizing an "ultimate decision" standard, that limits retaliation to acts relating to "hiring, granting leave, discharging, promoting, and compensating."  *Id.* at 2410.  The Supreme Court rejected such restrictive interpretations of Title VII retaliation.  *Id.* at 2412-13.  Instead, the Supreme Court determined that the scope of retaliation "extends beyond workplace-related or employment-related retaliatory acts and harm" and is not limited to discriminatory actions that affect the terms and conditions of employment.  *Id.* at 2412-13, 1214.  The Supreme Court set forth the following formulation for determining what constitutes actionable retaliation: "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse" and might well have "dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Id.* at 2415 (citations omitted).  In *White,* the Supreme Court determined there was sufficient evidence for the jury's verdict in favor of the plaintiff on her retaliation claims when: 1) the plaintiff was reassigned from forklift duty to standard laborer tasks because such work was dirtier, more arduous, and required fewer qualifications; and 2) the plaintiff was suspended for thirty-seven days without pay while her employer conducted an investigation into an alleged incident of insubordination, even though the plaintiff was ultimately cleared of wrongdoing.  *Id.* at 2409, 2416.

The Court agrees with Graham-Adams's assertion that *White* must affect the Eighth Circuit's approach to determining what constitutes retaliation. To support her motion for reconsideration, Graham-Adams recites her allegation that her supervisor, Tiwuana Brown, stopped speaking to her and only communicated with her via e-mail after Graham-Adams complained about the alleged sexual assault by Mr. Russ. (Filing No. 69 at 3). As a result of this alleged lack of communication, Graham-Adams claims she was not informed of and missed regular business meetings that were "convened to inform employees of procedures and requirements necessary to perform their jobs properly. . . ." (Filing No. 1, ¶19; Filing No. 69 at 3). In *White,* the Supreme Court gave the following example to illustrate employer conduct that may constitute retaliation:

> [a] supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight. But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination.

126 S. Ct. at 2415-16. The Court finds that based on the Supreme Court's formulation in *White*, Graham-Adams has presented sufficient evidence of an "adverse employment action" to preclude summary judgment on her retaliation claim.

The Court reaches this decision because it must view all evidence in the light most favorable to Graham-Adams; however, the Court notes that in *White,* the Supreme Court opined that "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *White,* 126 S. Ct. at 2414. The Supreme Court further stated that "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place

6

at work and that all employees experience." *Id.* at 2415. Citing 1 B. Lindemann & P. Grossman, *Employment Discrimination Law* 669 (3d ed. 1996), the Supreme Court noted that "courts have held that personality conflicts at work that generate antipathy" and "'snubbing' by supervisors and co-workers are not actionable." *Id.* Therefore, while Graham-Adams has presented sufficient evidence to preclude summary judgment, to succeed on the merits, she will need to demonstrate that the alleged conduct of her supervisor rose above and beyond "snubbing" or "petty slights."

The Court affirms its prior decision that Graham-Adams's accusations regarding another supervisor, Sylvia Johnson, do not have the requisite causal connection to Graham-Adams's protected activity of filing a charge with the Nebraska Equal Opportunity Commission ("NEOC") on September 2, 2003. Graham-Adams testified that Johnson did not became her supervisor until November 2004. (Deposition 15:12-14; Filing No. 54 at 13). The Court finds there is no causal connection between Johnson's alleged retaliatory conduct and Graham-Adams's protected activity. *See Shanklin v. Fitzgerald*, 397 F.3d 596, 604 (8th Cir. 2005) (determining a ten-month gap between the plaintiff filing an EEOC charge and the defendant's decision to terminate the plaintiff was a lengthy delay and evaporated the inference of a causal nexus between the protected activity and the adverse employment action.).

Furthermore, because Graham-Adams did not request the Court to reconsider its decision to grant summary judgment to OHA on Graham-Adams's sexual harassment claim and because *White* does not affect that claim, the Court affirms its decision to grant summary judgment on that claim.

7

For the reasons stated in this Memorandum,

IT IS ORDERED:

1) Plaintiff's Motion for Reconsideration (Filing No. 68), which is a motion for relief from judgment under Fed. R. Civ. P. 60(b), is granted, and the matter has been reconsidered based on a showing of new legal authority;

2) Having reconsidered the matter, the Court finds good reason to relieve the Plaintiff from the effect of the summary judgment in favor of the Defendant on Plaintiff's retaliation claim;

3) The Court affirms its grant of summary judgment to Defendant on Plaintiff's sexual harassment claim;

4) The Judgment (Filing No. 67) is vacated; and

5) After the Notice of Appeal is withdrawn by Plaintiff,[2] the matter will be scheduled for trial on Plaintiff's remaining claim.

DATED this 28th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2] The Eighth Circuit Court has observed that if it exercises jurisdiction over the case contemporaneously with the district court's consideration of a Rule 60(b) motion, and the district court decides to grant the Rule 60(b) motion, then "the parties should request the court of appeals to remand the case so a proper order can be entered." *Hunter v. Underwood,* 362 F.3d 468, 475 (8th Cir. 2004)(citing *Pioneer Ins. Co. v. Gelt,* 558 F.2d 1303, 1312 (8th Cir.1977)).