UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY GRAHAM-ADAMS, | ) | 8:05CV261 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | PLAINTIFF'S MOTION |
| | ) | IN LIMINE |
| OMAHA HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

Trial is scheduled for plaintiff, Sherry Graham-Adams's, action against defendant, Omaha Housing Authority (OHA), for retaliation in violation of Title VII of the Civil Rights Act. Graham-Adams moves in limine for an order prohibiting OHA from calling fact witnesses Charles Mullen, Trenda Fernandez and Terri Battiatio. OHA opposes the motion.

Graham-Adams argues that OHA's disclosure of Mullen, Fernandez, and Battiatio on August 3, 2006, as individuals likely to have discoverable information was untimely. Fed. R. Civ. P. 26(a)(1)(A) requires each party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Rule 26(a)(1) disclosures are due 14 days after the Rule 26(f) conference unless court order or stipulation of the parties sets a different deadline. See Fed. R. Civ. P. 26(a)(1). Fed. R. Civ. P. 26(e)(1) obligates parties to seasonably supplement their Rule

26(a)(1) disclosures. Fed. R. Civ. P. 26(a)(3) obligates the party to disclose the name of each witness that the party may call at trial. Rule 26(a)(3) disclosures and Rule 26(e) supplemental disclosures are due at least 30 days before trial unless a different deadline is set by the court.

Here, the disclosure of Mullen, Fernandez, and Battiatio on August 3, 2006, was untimely. According to the court's pretrial orders, Rule 26(a)(1) disclosures were due by September 2, 2005. (Docket 11). Rule 26(a)(3) disclosures and Rule 26(e) supplements were due by July 5, 2006. (Docket 26). OHA did not file the disclosure listing Mullen, Fernandez, and Battiatio until August 3, 2006. (Docket 75).

The court has broad discretion regarding whether to exclude testimony from fact witnesses that was not disclosed in compliance with the court's pretrial order. See Martinez v. Union Pac. R.R. Co., 82 F.3d 223, 226-27 (8th Cir. 1996). Four factors guide the court's discretion:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) bad faith or willfulness in failing to comply with the court's order.

Id. at 227; see also Kunzman v. Enron Corp., 941 F. Supp. 853, 860 (N.D. Iowa 1996) (stating this rule applies to the exclusion of testimony from undisclosed fact witnesses). The testimony of fact witnesses who were

untimely disclosed " 'should seldom be barred unless bad faith is involved.' " Bergfeld v. Unimin Corp., 319 F.3d 350, 355 (8th Cir. 2003) (quoting Mawby v. United States, 999 F.2d 1252, 1254 (8th Cir. 1993).

After considering the four Martinez factors, the court denies the motion to exclude the testimony of Mullen, Fernandez, and Battiatio. Regarding the first factor, the court finds that Graham-Adams was not prejudiced or surprised by OHA's disclosure of Mullen, Fernandez, and Battiatio as persons possessing discoverable information. The record indicates that Graham-Adams has long known about each of these potential witnesses. Graham-Adams disclosed Mullen as an individual possessing discoverable information when she filed her initial Rule 26(a)(1) disclosures on December 1, 2005. (Docket 17). Fernandez was mentioned repeatedly during Graham-Adams' deposition on February 28, 2006. (Docket 90-3). Additionally, Graham-Adams apparently knew of Battiatio by no later than April 20, 2006, when Graham-Adams' counsel wanted to extend the discovery deadline to depose Battiatio. (Docket 90-4). The court thus finds that Graham-Adams was not unfairly surprised by the disclosure of Mullen, Fernandez, and Battiatio on August 3, 2006. See Bergfeld, 319 F.3d at 355 (noting that deposition testimony of other witnesses revealed identity and relationship of fact witness); see also Young v. Time Warner Cable Capital,

L.P., 443 F. Supp. 2d 1109, 1120 (W.D. Mo. 2006). The first factor thus weighs in favor of OHA.

The second factor also weighs in favor of OHA because what little prejudice Graham-Adams may experience can be alleviated. The trial is scheduled for the week of February 12, 2007. This is over a month away. This gives Graham-Adams sufficient time to depose Mullen, Fernandez, and Battiatio.

The third factor also weighs in favor of OHA because the court finds that permitting Mullen, Fernandez, and Battiatio to testify will not impede the orderly and efficient trial of this case. Because more than a month remains before trial, the court finds that there is adequate time for Graham-Adams to depose these three fact witnesses without continuing or otherwise disrupting the scheduled trial date.

Finally, there is no evidence that OHA acted in bad faith or willfully disregarded the court's pretrial orders. The court thus refuses to prohibit Mullen, Fernandez, and Battiatio from testifying at trial. See Bergfeld, 319 F.3d at 355. Therefore, it is hereby

ORDERED that Graham-Adams' motion (Docket 85) in limine is denied.

IT IS FURTHER ORDERED that Graham-Adams is granted leave of the court to depose Charles Mullen, Trenda Fernandez, and Terri Battiatio. The deadline for completing these depositions is **January 29, 2007.**

Dated December 28, 2006.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

5